IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND TAVIZON,

    **Plaintiff,**

v.                                                                No. CIV-16-0293 GBW/LAM

**RAUL D. VILLANUEVA, et al.,**

    **Defendants.**

## **STIPULATED CONFIDENTIALITY ORDER**

**THIS MATTER** is before the Court on the parties' *Joint Motion for Stipulated Confidentiality Order (Doc. 40)*, filed November 4, 2016.  The parties have entered into a stipulation and agreement to allow the inspection by the parties of certain records, material and information which are not otherwise protected from discovery by the attorney-client privilege or the work product doctrine; and to allow the disclosure and/or discovery and inspection by the parties of certain records, material and information which may or may not otherwise protected from discovery by the attorney-client, work product or physician-patient privileges and/or any rules, regulations, or laws of confidentiality governing disclosure of otherwise confidential information relating to third-parties.  The Court being advised that such production will include certain information that is private and confidential; that disclosure of such information may or will implicate the confidentiality and privacy rights of some or all of the parties or of third persons not a party to this lawsuit; the Court **FINDS** that this Confidentiality Order is needed in this action to protect such persons' rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding only.

Therefore, the Court hereby makes and enters the following Confidentiality Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

**IT IS THEREFORE ORDERED:**

1. This Order shall govern the use and/or production and disclosure of the following which may be produced or disclosed during this litigation (hereinafter the "Confidential Material"):

    a. All Internal Affairs ("IA") files, including audio and video recordings relating to the four (4) IA investigations of Plaintiff.

2. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit, and may be disclosed only to parties, counsel of record, their staff, and retained experts.

3. Confidential Material may be disclosed to deponents during the course of their deposition. The attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge Confidential Material to any other person. Further, with respect to deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of the transcript deemed confidential shall be disclosed to any person except the deponent, their attorneys of record, and expert witnesses. Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

4. In the event that any Confidential Material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so

ordered by the Court; provided, however, that in such cases all such papers shall be furnished to the Court and attorneys of record for the parties, and a redacted copy thereof may be placed in the public record. Confidential Material may be admitted as an exhibit at the trial or used for impeachment or other purposes should the Court rule that the information is relevant and admissible in this matter subject to the rules of evidence, and if so admitted, shall no longer remain Confidential unless otherwise ordered by the Court.

5. Nothing in this Order shall preclude any party from contesting the relevance, discoverability or admissibility of any material requested in discovery or produced pursuant to this Order.

6. After the completion of the proceedings in this matter and any subsequent appeals, any and all copies of Plaintiff's and Defendants' Confidential Material previously made available to the opposing parties and their experts shall be kept confidential or eventually destroyed in accordance with applicable laws and ethical obligations.

7. Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing stipulated exceptions to this order.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

Respectfully submitted and approved: ***(Prior to modification by the Court)***

*BROWN LAW FIRM*
*BROWN & GURULÉ*

*/s/ Daniel J. Macke, 10/21/2016*
Daniel J. Macke
3777 The American Rd. NW Suite 100
Albuquerque, NM 87114
(505) 292-9677
dan@brownlawnm.com
Attorney for Defendants Cherry and
Board of County Commissioners


*/s/ approved via email, 10/20/2016*
Donald G. Gilpin
6100 Indian School Rd. NE, Suite 201
Albuquerque, NM 87110
505-244-3861
Ggd48@aol.com